IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

EDDIE LEE FRYER, §
    Plaintiff, §
§
v. § EP-19-CV-134-DCG
§
UNITED STATES OF AMERICA, §
    Defendant. §

## MEMORANDUM OPINION AND ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff Eddie Lee Fryer, federal prisoner number 01029-424, moves to proceed, without prepaying costs or fees, with a complaint under the Federal Tort Claims Act. Mot. to Appeal IFP, ECF No. 3.[1]

The United States Magistrate Judge to whom the Court referred this matter recommends that the Court deny Fryer's motion. R. &. R. 1, ECF No. 7. *See* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation). She reasons that Fryer has enough money in his inmate trust account to pay the $400 filing fee:

> Based upon a six-month average balance of $2,268.22, the Court finds that Fryer does not qualify to proceed *in forma pauperis*. Pursuant to [28 U.S.C.] § 1915(b), twenty percent of Fryer's six month average balance would be $453.64, while the required filing fee for commencing an action in federal court is $400.00. Fryer therefore has sufficient assets to pay the required filing fee and does not qualify to proceed *in forma pauperis*.

R. & R. 2–3, ECF No. 7.

The Magistrate Judge allowed Fryer fourteen days to file written objections to her proposed findings, conclusions, and recommendations. *Id.* at 3; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party who files timely written objections to a magistrate judge's report is entitled to a "de

---

[1] The Court ignores the fact that Fryer used the wrong form.

novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, the Court may accept, reject, or modify a report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Fryer timely objects "to the proposed findings, conclusions and recommendations." Pl.'s Obj. 1, ECF No. 10. He explains that he saved most of the money in his account for use upon his release from prison:

> As for me having enough money available to pay the filing fees, that is incorrect. Yes, at the time of me filling my motion there was $2,231.05 on my inmate account. On page 1 of the inmate account printout it will show that $1,862.25 was in my Pre-Release Balance and on page 2 of the same report it will show that $297.70 is my Available Balance. . . .
>
> Honor Court, I am asking you to have mercy on me and allow me to proceed *in forma pauperis*. It took me over 29 years to place this money in my Pre-Release account. So that when I'm released, I will have some funds to get started with my new life. My release date is November 19, 2036 and I'll be 78 years old. The printout of my inmate account indicates that I do not have enough funds available to pay filing fees.

*Id.* Fryer apparently believes the Court may allow him to proceed without making any payment for his lawsuit.

While the Court is sympathetic to Fryer's situation, it notes that the Prison Litigation Reform Act provides that prisoners qualified to proceed *in forma pauperis* shall still "be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Act explains that "[t]he court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of" the average monthly deposits in the prisoner's account or the average monthly balance of the account over the preceding six months. *Id.* The Act adds that the prisoner must then pay the remainder of the fee in monthly installments of "20 percent of the preceding month's

income credited to the prisoner's account." *Id.* § 1915(b)(2).

The Magistrate Judge correctly calculates that "twenty percent of Fryer's six month average balance would be $453.64." R. & R. 2–3, ECF No. 7. Hence, Fryer's "initial partial filing fee" would be enough to cover the required filing fee of $400 for commencing his action in federal court.

Consequently, the Court concludes that it should overrule Fryer's objection and accept the Magistrate Judge's recommendation. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Plaintiff Eddie Lee Fryer's objection to the report and recommendation of the Magistrate Judge is **OVERRULED**.

**IT IS FURTHER ORDERED** that the "Report and Recommendation of the Magistrate Judge" (ECF No. 7) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Plaintiff Eddie Lee Fryer's "Motion for Permission to Appeal in Forma Pauperis" (ECF No. 3) is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff Eddie Lee Fryer shall pay the $400 filing fee to the District Clerk within twenty-one days of the entry of this order. Plaintiff Eddie Lee Fryer is **WARNED** that his failure to timely pay the filing fee may result in the dismissal of his complaint.

**SIGNED** this 10th day of June 2019.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE