**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EDDIE LEE FRYER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-19-CV-134-DCG** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE, AND DISMISSING PLAINTIFF'S COMPLAINT**

Eddie Lee Fryer, federal prisoner number 01029-424, asserts a claim under the Federal Tort Claims Act (FTCA). Pl.'s Compl., ECF No. 1. He alleges that between July and September of 2015, a "correctional worker" at the La Tuna Federal Correctional Institution in Anthony, Texas, engaged in "several sexual acts" with him, including "contact between the penis and vulva."[1] *Id.* at 3, 4. He claims that as a result of these encounters, he now suffers from post-traumatic stress disorder. *Id.* at 5. He asks for damages for the "injury caused by [the] wrongful act or omission of any employee." *Id.* at 6. He attaches a letter from the Bureau of Prisons (BOP) Regional Counsel which denies his administrative claim under the FTCA because "[a]n investigation . . . revealed there is no evidence . . . you sustained any injuries caused by the negligent or wrongful act or omission of any government employee acting within the scope of employment." *Id.* at 7.

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584 (1941). The FTCA waives that sovereign immunity

[1] *See United States v. Fryer*, EP-16-CR-2199-PRM-2 (W.D. Tex.), J. in Crim. Case, ECF No. 108 (sentencing Fryer to ten months' imprisonment after he pleaded guilty bribery of a public official); *id.*, Presentence Investigation Report, ECF No. 102, ¶¶ 16, 17 (describing Frayer paying his co-defendant—the correctional worker identified in this lawsuit—$150 to smuggle cigarettes into the prison for his benefit and the nature of Frayer's sexual encounters with the correctional worker).

for an injury

> caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). But even if the tortfeasor's conduct is within the scope of his government employment, the FTCA does not waive sovereign immunity for certain enumerated intentional torts, including "[a]ny claim arising out of assault," unless the government actor was an investigative or law enforcement officer. 28 U.S.C. § 2680(h). The term "law enforcement officer" is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* The Supreme Court has held that a victim of unlawful conduct at the hands of a "federal prison official[ ]" has a cause of action against the United States under 28 U.S.C. § 2680(h). *Carlson v. Green*, 446 U.S. 14, 16, 20 (1980). Consequently, the Fifth Circuit Court of Appeals has held "that BOP employees are 'law enforcement officer[s]' for purposes of 28 U.S.C. § 2680(c). *Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 390 (5th Cir. 2003). Additionally, "[n]o person convicted of a felony . . . may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." 28 U.S.C. § 1346(b)(2). "[T]he term 'sexual act' means . . . contact between the penis and the vulva . . . upon penetration, however slight." 18 U.S.C. § 2246(2).

Fryer is proceeding pro se with his lawsuit—but he paid the $400 filing fee. Receipt, ECF No. 15. Hence, Fryer is responsible for providing proof to the Court that "any person who is at least 18 years old and not a party" properly served the United States of America pursuant to

Federal Rules of Civil Procedure 4(c)(2), 4(i) and 4(l). If he fails to serve the United States "within 90 days after the complaint is filed the Court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice . . ." Fed. R. Civ. P. 4(m).

The United States Magistrate Judge to whom the Court referred this matter recommends that the Court dismiss Fryer's complaint for failing to comply with the service requirements of Rule 4. R. &. R. 1, ECF No. 39. *See* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation). In the alternative, she recommends that the Court dismiss Fryer's complaint for failure to prosecute and failure to comply with her orders of this Court, in accordance with Federal Rule of Civil Procedure 41. R. &. R. 1. She reasons that although Fryer paid the filing fee on June 26, 2019, he has not properly served either the United States Attorney General or the United States Attorney for the Western District of Texas, as required by Rule 4, for more than a year. She observes that on October 3, 2019, she "ordered Fryer to show cause why his Complaint should not be dismissed for failure to serve the Defendant pursuant to Federal Rule of Civil Procedure 4(m)." *Id.* at 2 (citing Order, ECF No. 20). She notes she subsequently "admonished Fryer that failing to serve the Defendant by December 16, 2019, would subject the action to dismissal pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure (failure to comply with the Court's orders)." *Id.* (citing Order, ECF No. 24, p. 4). She further notes that she "issued a supplementary Order on November 26, 2019, again notifying him that failure to serve Defendant in compliance with Rule 4(m) could result in the dismissal of his claim pursuant to Rules 4(m) and 41(b)." *Id.* (citing Order, ECF No. 28). She explains that "[o]n January 15, 2020, the United States Attorney delivered a notice to Fryer that his service was deficient." *Id.* at 3 (citing DOJ Letter, ECF No. 35). She adds that "[n]o summons was

ever returned executed as to the Attorney General." *Id.*

The Magistrate Judge allowed Fryer fourteen days to file written objections to her proposed findings, conclusions, and recommendations. *Id.* at 10; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, the Court may accept, reject, or modify a report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

In Fryer's objections, dated August 3, 2020 but not filed until August 19, 2020, he asserts that he "did not fully understand what was required." Objections 1, ECF No. 42. He claims that "[a]s of March 16, 2020, all movement came to a standstill due to COVID-19 [and] until about a month ago [he] had no access to the law library." *Id*. at 2. He attaches summons addressed to the Attorney General and United States Attorney dated December 16, 2019, claiming that he—Eddie Lee Fryer—"left the summons at the individual's residence or usual place of abode." *Id*. at 5, 7.

The Court finds the Magistrate Judge referred Fryer to the appropriate Federal Rule of Civil Procedure early on in this process. Order, ECF No. 20. She ordered him to show cause by October 17, 2019, why his cause should not be dismissed for failure to prosecute. *Id.* She then ordered him to comply with the service requirements in Rule 4 no later than December 16, 2019. Order, ECF No. 24. She also summarized the Rule 4 requirements for him November 25, 2019:

> Rule 4 of the Federal Rules of Civil Procedure governs the form and content of the summons that must be served on a defendant. Rule 4(b) directs that after the plaintiff presents a "summons that is properly completed, the clerk must sign, seal, and issue [the summons] to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). To date, there is no indication in the record that Fryer has presented properly completed summonses to the clerk. Rule 4(a) describes what must be included in the summons when it is presented to the clerk in order to be considered properly completed and capable of being issued.
>
> Further, in order to properly serve the United States, a plaintiff must comply with the requirements of Rule 4(i). Rule 4(i) mandates delivery of the summons and the complaint to both the United States Attorney for the district where the action is brought (or the civil process clerk of the United States Attorney's office) **and** "to the Attorney General of the United States at Washington D.C." Fed. R. Civ. P. 4(i).
>
> Finally, as he is a party to this action, Fryer cannot serve the summons and complaint. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added).

Order 2, ECF No. 28. The Magistrate Judge entered this admonishment 111 days before the lockdown due to COVID-19 on March 16, 2020. The lockdown did not in any way excuse Fryer's lack of diligence in properly serving the United States. In sum, Fryer was fully advised of the process and has not shown good cause for his failure to comply with Rule 4.

The Court accordingly concludes that it should deny Fryer's objections, accept the report and recommendation of the Magistrate Judge, and dismiss Fryer's complaint pursuant to Rule 4(m). Consequently, it enters the following orders:

**IT IS ORDERED** that Fryer's objections to the report and recommendation of the Magistrate Judge (ECF No. 42) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the report and recommendation of the Magistrate Judge is **ACCEPTED**.

**IT IS FURTHER ORDRED** that Fryer's complaint under the Federal Tort Claims Act (ECF Nos. 1, 38) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**So ORDERED and SIGNED this 25th day of August 2020.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**